**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 12-4742**

_____

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

     v.

JEFFREY LYNN LESANE,

                Defendant - Appellant.

_____

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. Louise W. Flanagan, District Judge. (5:11-cr-00099-FL-2)

_____

Submitted: March 5, 2013        Decided: March 13, 2013

_____

Before WILKINSON, MOTZ, and DUNCAN, Circuit Judges.

_____

Dismissed in part; affirmed in part by unpublished per curiam opinion.

_____

R. Clarke Speaks, SPEAKS LAW FIRM, PC, Wilmington, North Carolina, for Appellant. Jennifer P. May-Parker, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jeffrey Lesane pled guilty, pursuant to a plea agreement, to one count of conspiracy to distribute and possess with intent to distribute cocaine, in violation of 18 U.S.C. § 846 (2006), and was sentenced to sixty months' imprisonment. On appeal, Lesane's counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal, but questioning whether Lesane's sentence is substantively reasonable. Lesane was advised of his right to file a pro se supplemental brief but did not do so. The Government has moved to dismiss, asserting the appeal is precluded by the waiver of appellate rights in Lesane's plea agreement. We dismiss in part and affirm in part.

A defendant may waive the right to appeal if that waiver is knowing and intelligent, as assessed under the totality of the circumstances. United States v. Manigan, 592 F.3d 621, 627 (4th Cir. 2010). Generally, if the district court fully questions a defendant regarding the waiver of his right to appeal during the Fed. R. Crim. P. 11 colloquy, the waiver is both valid and enforceable. United States v. Johnson, 410 F.3d 137, 151 (4th Cir. 2005); United States v. General, 278 F.3d 389, 400-01 (4th Cir. 2002). Whether a defendant validly waived his appeal rights is a question of law that this court reviews de novo. Manigan, 592 F.3d at 626.

2

Our review of the record leads us to conclude that Lesane knowingly and voluntarily waived the right to appeal his sentence. We therefore grant in part the Government's motion to dismiss, and dismiss the appeal of Lesane's sentence.

The waiver provision, however, does not preclude this court's review of Lesane's conviction. Because Lesane did not move to withdraw his guilty plea in the district court or raise any objections to the Rule 11 colloquy, we review the colloquy for plain error. United States v. Martinez, 277 F.3d 517, 527 (4th Cir. 2002). We find that the district court complied with Rule 11's requirements. Accordingly, we affirm Lesane's conviction.

This court requires that counsel inform Lesane, in writing, of his right to petition the Supreme Court of the United States for further review. If Lesane requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Lesane. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

DISMISSED IN PART;
AFFIRMED IN PART

3